IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JORGE CHAVEZ GARCIA | § | NO. 18-33930-sgj13 |
| | § | |
| Debtor | § | (Chapter 13) |

### WAYNE VANCE, CELSO DURAN, FRANCISCO PEREZ, GLADYS BARNER, AND ANGELA GALVIS SCHNUERLE'S MOTION TO DISMISS WITH PREJUDICE TO REFILING FOR 180 DAYS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Wayne Vance, Celso Duran, Francisco Perez, and Gladys Barner, who are represented by the law firm Zelle, LLP, and Angela Galvis Schnuerle, who is a *pro se* creditor, all of whom are creditors in the above-styled and numbered case, hereinafter collectively referred to as "Creditors", make this their Motion to Dismiss with Prejudice to Refiling for 180 Days, hereinafter referred to as the "Motion", in the above-styled and numbered Chapter 13 bankruptcy proceeding of Jorge Chavez Garcia, Debtor herein, hereinafter referred to as "Debtor", and respectfully show the Honorable Court the following:

1. Creditors Wayne Vance, Celso Duran, Francisco Duran, and Gladys Barner are named plaintiffs in a class action lawsuit involving 105 class action plaintiffs that have been certified as class members, which lawsuit is currently pending in the 342nd Judicial District Court in Tarrant County, Texas, Cause No. 342-287110-16 (the "Class Action"). The Class Action alleges claims against multiple individuals and entities involved in a fraudulent roofing scheme which preyed upon homeowners whose homes were damaged by weather events. The Class Action defendants defrauded more than 105 homeowners of more than $500,000 in insurance proceeds. The claims alleged in the Class Action include a request for declaratory relief, violations of the Deceptive Trade Practices Act, Fraud, Conspiracy to Commit Fraud, Theft and Liability pursuant to Texas Theft Liability Act, Conversion of Personal Property,

Money Had and Received, Breach of Contract, and Breach of Fiduciary Duty. Debtor has been named as a defendant in the Class Action, as Debtor is alleged to be a manager, employee, and agent of multiple entities at issue in the Class Action.

2. Angela Galvis Schnuerle joins in this motion *pro se*. Schnuerle is a secured creditor in this bankruptcy proceeding.

3. On December 4, 2018, a Notice of Deficiency was filed as document 5 in the above-styled and numbered case, which states that Debtor's Schedules A/B – J, Chapter 13 Plan, and Statement of Financial Affairs were not filed with the petition and notifies Debtor that failure to cure within 14 days of the date of the filing of the petition any or all of the deficiencies specified shall subject Debtor's petition to dismissal without further notice.

4. On December 17, 2018, Debtor filed his Motion to Extend Deadlines to File Chapter 13 Plan, Schedules, Statements and Required Documents until January 2, 2019, as document 9 in the above-styled and numbered case. This filing asked the Court to grant the extension in order to enable the Debtor to properly prosecute this bankruptcy case.

5. On December 18, 2018, the United States Bankruptcy Judge signed an Order Extending Time to File Chapter 13 Plan, Schedules, Statements and Required Documents until January 2, 2019, as document 10 in the above-styled and numbered case. By doing so, the Judge granted all of the relief requested by Debtor in order to allow Debtor to properly prosecute Debtor's case, and therefore the Court generously facilitated the proper prosecution of Debtor's bankruptcy proceeding. However, Debtor's request for an extension of time, which was granted by this Honorable Judge, was followed by Debtor's violation of the Court's Order extending the time for filing Debtor's Plan, Debtor's Schedule A – J, and Debtor's Statement of Financial Affairs, when Debtor did not exercise the extended right to make such filings in his bankruptcy proceeding.

6. On December 3, 2018, Debtor filed his bankruptcy petition, which is document 1 in the above-styled and numbered case. Filing a bankruptcy petition commences a voluntary case and constitutes an order for relief by the United States Bankruptcy Court pursuant to Section 301

of the United States Bankruptcy Code.  Section 1326(a)(1) of the United States Bankruptcy Code provides that the Debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier.  In the above-styled and numbered case, the earlier date was the date of the order for relief on December 3, 2018.  Therefore, the 1st Payment Date was January 2, 2019.  Debtor did not properly prosecute Debtor's bankruptcy proceeding because Debtor did not make the first payment due to the Chapter 13 Trustee within 30 days after the earlier of the date of the filing of the plan or the date of the order for relief, as required by § 1326(a)(1) of the United States Bankruptcy Code.  This is evidenced in the Chapter 13 Standing Trustee's Final Report and Account filed as docuemtn 16 in this proceeding.

      7.      On January 4, 2019, the Chapter 13 Trustee filed in document 4 his Notice of Intent to Certify Chapter 13 Case for Dismissal, which contains the Chapter 13 Trustee's Notice to Debtor and Debtor's attorney that (a) in order to properly prosecute the bankruptcy case, Debtor must file Debtor's Plan, Debtor's Schedules A – J, and Debtor's State of Financial Affairs within 14 days of the date of Debtor's bankruptcy petition; (b) that the 1st Payment Date was January 2, 2019; (c) that Trustee intends to certify the above-referenced case for dismissal for the reason that Debtor did not file Debtor's Plan, Debtor's Schedules A – J, and Debtor's Statement of Financial Affairs in a timely manner and did not make to the Chapter 13 Trustee the first payment within 30 days of the order for relief by the United States Bankruptcy Court on December 3, 2018, and (d) that failure to cure such deficiencies within 7 days shall subject this case to dismissal by the United States Bankruptcy Judge without further notice.  Furthermore, Trustee's Notice in document 4 cites General Order 2017-01, Section 3 which provides that a Chapter 13 Petition may be dismissed without prejudice after 7 days as to Section 3 subsections (a), (b), and (c) that the Debtor did not file Debtor's Plan, Debtor's Schedules A – J, and Debtor's State of Financial Affairs in a timely manner in order to properly prosecute Debtor's case and did not make the first payment to the Chapter 13 Trustee within 30 days after the order for relief on December 3, 2018 as required by Section 1326(a)(1) of the Bankruptcy Code in

order to properly prosecute Debtor's case, if prior written Notice of Intent to Dismiss is filed with the Court and served on the Debtor and Debtor's Counsel, which events occurred. No default or deficiency was cured prior to the expiration of such period, since (a) neither Debtor's Plan, Debtor's Schedules A – J, nor Debtor's Statement of Financial Affairs were filed and (b) no payment was made by the 1st Payment Date of January 2, 2019.

8. By Debtor's failure to file Debtor's Plan, Debtor's Schedules A – J, and Debtor's Statement of Financial Affairs, Debtor willfully failed to appear before this Honorable Court in proper prosecution of the bankruptcy case. Consequently, this case should be dismissed with prejudice to refiling within 180 days because of the willful failure by the Debtor to appear before this Honorable Court in the proper prosecution of the case.

9. By failing to make the payment required by the 1st Payment Date of January 2, 2019, the Debtor failed to properly prosecute Debtor's bankruptcy case in abiding by the order for relief of the United States Bankrutpcy Court. Consequently, this case should be dismissed with prejudice to refiling within 180 days because of the willful failure by the Debtor to obey the Court's order for relief.

10. On January 8, 2019, United States Bankruptcy Judge Stacey G. C. Jernigan signed an Order Dismissing Case pursuant to General Order 2017-01, which orders that the above proceeding is **DISMISSED without prejudice**, PROVIDED that if, within 14 days of entry hereof, a creditor files a Motion to amend this order and seeks a dismissal with prejudice, sanctions or other relief deemed appropriate by the Court, this Order may be amended by the Court, after notice and a hearing, to grant the relief sought in said Motion in whole or in part, based on the Chapter 13 Trustee's Notice of Intent to Certify Chapter 13 Case for Dismissal having been given to Debtor that this case would be dismissed upon Debtor's (a) failure to properly prosecute Debtor's case by timely filing Debtor's Plan, Schedules A/B, C, D, E/F, and G – J, and Statement of Financial Affairs within 14 days of the filing of the Petition and (b) failure to properly prosecute Debtor's case by making the payment on the 1st Payment Date of January 2, 2019 that was required by the Court's order for relief. Neither Debtor's Plan, Debtor's Schedules

A – J, nor Debtor's Statement of Financial Affairs were filed in a timely manner, and said Chapter 13 Trustee's Notice informed Debtor that in such event, this case was subject to dismissal 7 days from the filing of said Chapter 13 Trustee's Notice with the Court.

11. Debtor has willfully failed to obey the Court's order for relief described above. To prove Debtor's willful failure to obey such Court's order for relief in the above-referenced bankruptcy case, Creditor has referred in this Motion to the documents contained in the Court's docket.  Debtor has failed to properly prosecute Debtor's bankruptcy proceeding by making the required payment on January 2, 2019 to the Chapter 13 Trustee that was ordered by the United States Bankruptcy Judge in the order for relief.

12. Debtor has thereby willfully failed to properly prosecute Debtor's bankruptcy proceeding by disobeying this Honorable Court's order for relief and has failed to make the payment due under, and to meet the requirements of, § 1326(a)(1) of the United States Bankruptcy Code in the above-referenced bankruptcy case.  Due to such willful failures by Debtor to obey this Honorable Court's order for relief, it is in the best interest of creditors and the bankruptcy estate that the above-referenced bankruptcy case be dismissed with prejudice to the refiling of a subsequent petition for 180 days.

13. Section 109(g)(1) of the United States Bankruptcy Code provides that no individual may be a debtor under Title 11 who has been a debtor in a case pending under Title 11 at any time in the preceding 180 days if the case was dismissed by the Court for willful failure of the Debtor to appear before the Court in proper prosecution of the case or to abide by the order for relief of the Court.  As Creditors' Motion to Dismiss with Prejudice to Refiling for 180 Days establishes, the Debtor has willfully failed to appear before this Honorable Court in proper prosecution of the case and has willfully failed to abide by the order for relief of this Honorable Court.  Consequently, this Court should dismiss the above-referenced bankruptcy case with prejudice to the refiling of a subsequent petition for 180 days, find that Debtor's failure to properly prosecute the bankruptcy case was willful and Debtor's failure to abide by this Court's

order for relief was willful, and sign an Order that will prevent the Debtor from filing a subsequent petition within 180 days.

14. For the reasons stated above in Creditors' Motion to Dismiss with Prejudice to Refiling for 180 Days, this Honorable Bankruptcy Court should amend the aforesaid Order Dismissing Case pursuant to General Order 2017-01 by dismissing this current Chapter 13 bankruptcy proceeding with prejudice to the refiling of a subsequent petition for 180 days.

WHEREFORE, PREMISES CONSIDERED, Wayne Vance, Celso Duran, Francisco Perez, Gladys Barner, and Angela Galvis Schnuerle request that this Court amend the aforesaid Order Dismissing Case signed on January 8, 2019 pursuant to General Order 2017-01 by dismissing this current Chapter 13 proceeding with prejudice to the refiling of a subsequent petition for 180 days, that this Court find that such dismissal with prejudice was due to the Debtor's willful failure to appear before the Court in proper prosecution of the case and to the Debtor's willful failure to abide by the order for relief of the Court, and that the Court grant such other and further relief, both general and special, at law and in equity, that may be appropriate.

Respectfully submitted,

**ZELLE LLP**

By: */s/ Bennett A. Moss*
   Steven J. Badger
   Texas State Bar No. 01499050
   sbadger@zelle.com
   Shannon M. O'Malley
   Texas Bar No. 24037200
   somalley@zelle.com
   Bennett A. Moss
   Texas Bar No. 24099137
   bmoss@zelle.com

901 Main Street, Suite 4000
Dallas, Texas 75202-3975
(214) 742-3000 Telephone
(214) 760-8994 Facsimile

**ATTORNEYS FOR WAYNE VANCE, CELSO DURAN, FRANCISCO PEREZ, AND GLADYS BARNER**

**-AND-**

By: */s/ Angela Galvis Schnuerle*
   Angela Galvis Schnuerle
   Pro Se Movant

5523 J.F.K. Blvd,
North Little Rock, Arkansas 72116
(501) 220-1116
galvislaw@gmail.com

**PRO SE MOVANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Wayne Vance, Celso Duran, Francisco Perez, Gladys Barner, and Angela Galvis Schnuerle's Motion to Dismiss with Prejudice to Refiling for 180 Days has been served electronically or mailed by first-class, United States mail, postage prepaid, to the following persons on the 22nd day of January, 2019:

| Debtor | Trustee |
|---|---|
| Jorge Chavez Garcia | Thomas Powers<br>105 Decker Ct., Suite 1150<br>Irving, TX 75062 |
| Debtor's Attorney<br>Richard D. Kinkade<br>State Bar No. 11477350<br>The Law Office of Richard D. Kinkade<br>2121 W. Airport Freeway, Suite 400<br>Irving, Texas 75062<br>Telephone: 972-256-4444<br>***Attorney for Debtor*** | United States Trustee<br>1100 Commerce Street, Room 976<br>Dallas, TX 75242 |

                                                                /s/ Bennett A. Moss
                                                                Bennett A. Moss